O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

NANCY SWEET,

              Plaintiff,

    v.

UNITED PARCEL SERVICE, INC.,

              Defendant.

Case No. CV 09-02653 DDP (RZx)

**ORDER DENYING MOTION TO REMAND**

[Motion filed on May 11, 2009]

    This matter comes before the Court on Plaintiff Nancy Sweet's Motion to Remand this action to the Superior Court of the State of California. Plaintiff argues that Defendant's removal represents an impermissible successive removal which asks the Court to reconsider Judge Anderson's December 29, 2008 order remanding the action. After reviewing the materials submitted by the parties and considering the arguments therein, the Court denies the Motion to Remand for the reasons discussed below.

**I.   BACKGROUND**

    Plaintiff Nancy Sweet ("Plaintiff" or "Sweet") filed this action in California state court on October 14, 2008. See Lake Decl., Ex. F at 33 (hereinafter cited as "Compl."). The Complaint

1   seeks damages and equitable relief for a number of state law wage
2   and hour claims against Sweet's employer, United Parcel Service
3   ("UPS" or "Defendant").   The Complaint alleges that Sweet "is a
4   resident of Los Angeles County, State of California."  Compl. ¶ 1.
5   UPS was served with process in the action on November 4, 2008.
6   Lake Decl., Ex. A at ¶ 2.
7        **A.   The *Marlo* Case**
8        The Complaint states that Plaintiff "is a former class member
9   of the case entitled: <u>Michael Marlo v. UPS</u>, Case No. CV03-4336
10  DDP."  Compl. ¶ 11.[1]  As both a class action and an individual
11  action, <u>Marlo</u> has been vigorously litigated.  <u>Marlo</u> was filed as a
12  class action on behalf of a class composed of all UPS employees
13  working in California in the capacity of Full-Time Preload
14  Supervisors, Full-Time Package Center Supervisors, and Full-Time
15  Hub Operations Supervisors.  The Court certified the class on June
16  10, 2004.  In the spring of 2008, in light of concerns about class-
17  wide proof, predominance, and superiority, the Court considered
18  briefing from the parties on whether the action could still be
19  maintained as a class action.  On May 19, 2008, the Court
20  decertified the class because the individualized inquiry that was
21  required by the UPS employment structure and the particular legal
22  theories at issue made class treatment problematic as both a legal
23  and a practical matter.  From the time <u>Marlo</u> was filed until the
24  Ninth Circuit declined to take interlocutory review of the Court's
25  decertification order in <u>Marlo</u>, the statute of limitations on
26
27  ──────────────────
28       [1]In fact, counsel for both parties in this and the <u>Marlo</u>
     litigation are identical.

2

1  Plaintiff's individual claims was tolled because Plaintiff was

2  represented in the <u>Marlo</u> litigation.

     **B.   First Removal of This Action**

4      On December 3, 2008, UPS filed removed the action on the basis

5  of diversity jurisdiction.   The First Notice of Removal alleged

6  that "Plaintiff's Complaint alleges that Plaintiff was and is a

7  citizen of the State of California."   Lake Decl., Ex. A at ¶ 7

8  (citing Compl. ¶ 1).   The First Notice of Removal further alleged

9  that UPS was and is a citizen of the State of Ohio and the State of

10  Georgia.   <u>Id.</u> at ¶ 8.   Additionally, the First Notice of Removal

11  alleged that the amount in controversy was in excess of $75,000.

12  <u>Id.</u> at ¶ 11(a)-(b).   On removal, the case was assigned Case No. CV

13  08-7948 PA (AGRx) and to the Honorable Percy Anderson.

14      On December 29, 2008, Judge Anderson issued an in-chambers

15  order remanding the action *sua sponte*.[2]   Lake Decl., Ex. B.

16  Relying in part on the Ninth Circuit's decision in <u>Kanter v.</u>

17  <u>Warner-Lambert Co.</u>, 265 F.3d 853, 857-58 (9th Cir. 2001), Judge

18  Anderson found that the Notice of Removal did not contain

19  sufficient allegations concerning Plaintiff's citizenship.   Lake

20  Decl., Ex. B at 10.   In particular, Judge Anderson noted that the

21  Complaint alleged Plaintiff's *residence*, not her citizenship, and

22  the Notice of Removal's reliance on that allegation was

23  insufficient to plead citizenship.   <u>Id.</u>   For similar reasons, Judge

24  Anderson suggested that the Complaint did not give notice of

25  removability.   <u>Id.</u>   In sum, Judge Anderson held:

26

27      [2]At the time the case was remanded, a transfer order, prepared December 16, 2008, was pending to transfer the case to this Court

28  on the basis of its relatedness to <u>Marlo</u>, but that order had not yet been approved.

1        Because neither the "four corners" of the complaint nor the

2        Notice of Removal contain sufficient allegations concerning

3        Plaintiff's citizenship, Defendant has not met its burden to

4        establish this Court's jurisdiction.  Accordingly, the Court

5        remands this action to Los Angeles Superior Court, Case Number

6        BC399800, for lack of federal subject matter jurisdiction.

7 Id. (citations omitted).

8      **C.   Second Removal of This Action**

9      Following remand, the parties engaged in discovery.  UPS

10 received Plaintiff's responses to UPS's special interrogatories on

11 March 24, 2009 and took Plaintiff's deposition on March 24 and

12 March 26, 2009.  Lake Decl. ¶¶ 6-7.  At her deposition, Plaintiff

13 testified that she has lived in California her whole life, that

14 currently lives in California, that she does not intend to leave

15 California, and that she owns property in California.  Id., Ex. B

16 at 21:11-14, 22:1-6, 22:12-14.

17      Defendant filed its Second Notice of Removal on April 16,

18 2009, also on the basis of diversity jurisdiction.  Lake Decl., Ex.

19 F at 28.  Defendant's Second Notice of Removal alleges that the

20 successive petition is based on the new information obtained

21 through discovery, including intent to remain, that was unavailable

22 at the time of the First Notice of Removal.  Id. at 26-28.  The

23 case was initially assigned to the Honorable A. Howard Matz; it was

24 transferred to this Court when it was deemed related to Marlo v.

25 UPS, Case No. CV 03-4336.  See Doc. No. 12 (April 24, 2009).

26      Plaintiff filed this Motion to Remand on May 11, 2009.

27 Plaintiff's motion seeks remand only on procedural grounds.  In her

28 Motion, Plaintiff argues that this case should be remanded because

1  successive notices of removal are only allowed where the successive

2  notice of removal is based on newly discovered facts not available

3  at the time of the first removal, and Plaintiff's employment

4  history with UPS and the litigation history of the <u>Marlo</u> action

5  could were "available" to UPS at the time of the First Removal.

6  Additionally, Plaintiff suggests that UPS seeks reconsideration of

7  Judge Anderson's remand order.

8  **II.   PROCEDURAL STANDARD**

9       "When a plaintiff moves to remand, the removing party has the

10  burden of establishing by a preponderance of the evidence that

11  removal was proper." <u>Mattel, Inc. v. Bryant</u>, 441 F. Supp. 2d 1081,

12  1089 (C.D. Cal. 2005).  There are two basic components to a proper

13  removal: an action must be removable to federal court, <u>see</u> 28

14  U.S.C. § 1441(a), and removal must be procedurally proper, <u>see</u> 28

15  U.S.C. § 1446.  Pursuant to 28 U.S.C. § 1441(a), "any civil action

16  brought in a State court of which the district courts of the United

17  States have original jurisdiction, may be removed by the defendant

18  or the defendants, to the district court . . . embracing the place

19  where such action is pending." 28 U.S.C. § 1441(a).   Section 1446

20  sets procedural requirements for removal.  Pursuant to 28 U.S.C.

21  § 1446(b), a defendant must file a notice of removal within thirty

22  days of learning that an action is removable.

23       Where a court has previously remanded a removed action for a

24  defendant's failure to meet its burden, successive notices of

25  removal, though not necessarily barred, generally must be based on

26  information not available at the prior removal. <u>Mattel</u>, 441 F.

27  Supp. 2d at 1089 (citing 16 James Wm. Moore et al., Moore's Federal

28  Practice § 107.30[4] (3d ed. 2004)); <u>Barahona v. Orkin</u>, 2008 WL

1  4724054 (C.D. Cal. October 21, 2008); see St. Paul & C. Ry. Co. v.

2  McLean, 108 U.S. 212, 217 (1883)(failure to comply with procedural

3  requirements can bar successive removal on same grounds).  A

4  successively-removing defendant may not seek reconsideration of the

5  district court's prior remand order.  28 U.S.C. § 1447(d); Seedman

6  v. U.S. Dist. Court for the C.D. Cal., 837 F.2d 413, 414 (9th Cir.

7  1988) (per curiam).

8  **III. DISCUSSION**

9       After consideration of the procedural history of this case and

10  the applicable law, the Court finds that the successive removal was

11  proper and denies the Motion to Remand.

12       **A.   Legal Standard: Section 1446(b), Harris, and Successive**

13            **Removal**

14       This motion raises two central issues: (1) the "four corners"

15  rule that triggers 28 U.S.C. § 1446(b)'s thirty-day time period for

16  removal and (2) the principle that, consistent with a public policy

17  that "guards against premature and protective removals and

18  minimizes the potential for a cottage industry of removal

19  litigation," successive removals must be based on new information.

20  Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 698 (9th Cir.

21  2005).  Although Plaintiff's Motion more directly relies on the

22  latter issue, the "four corners" rule bears on the issue of

23  successive removal by informing the basis on which Defendant's

24  first Notice of Removal should have been filed, and because

25  Plaintiff challenges the evidence on which Defendant should have

26  been required to rely.

27       Section 1446(b) addresses the time within which an action must

28  be removed and when the clock begins to run.  Pursuant to 28 U.S.C.

1  § 1446(b), a defendant must file a notice of removal within thirty

2  days from the date he first objectively learns that an action is

3  removable.  A defendant may learn that an action is removable in

4  one of two ways: through the face of the initial pleadings or

5  through the receipt "of a copy of an amended pleading, motion,

6  order or other paper from which it may first be ascertained that

7  the case is one which is or has become removable."  28 U.S.C.

8  § 1446(b).

9       In <u>Harris v. Bankers Life & Casualty Co.</u>, the Ninth Circuit

10 addressed when the thirty-day removal clock was triggered in

11 situations where "it is unclear from the complaint whether the case

12 is removable."  425 F.3d at 692-93.  The court considered and

13 rejected the proposition that a defendant has a duty to investigate

14 – in its own records or otherwise – a basis for removal when the

15 pleading does not disclose one on its face.  It also rejected the

16 suggestion that the defendant's subjective knowledge or a "clue" in

17 the complaint might trigger the thirty-day clock.  Rather, the

18 court held that "notice of removability under § 1446(b) is

19 determined through the four corners of the applicable pleadings."

20 <u>Id.</u> at 694.  Thus, "[i]f no ground for removal is evident in [the

21 initial] pleading, the case is 'not removable' at that stage.  In

22 such a case, the notice of removal may be filed within thirty days

23 after the defendant receives 'an amended pleading, motion, order or

24 other paper' from which it can be ascertained from the face of the

25 document that removal is proper."  <u>Id.</u>  In other words, to give

26 notice of removability, a pleading or paper in the case must

27 disclose a basis for removal within its four corners.  <u>See</u> <u>Durham</u>

28

7

1   <u>v. Lockheed Martin Corp.</u>, 445 F.3d 1247, 1251 (9th Cir. 2006)

2   (using the term "notice of removability").

3       The <u>Harris</u> court opined that its bright-line rule addressed

4   important policy goals served by the removal statutes.  Echoing a

5   concern articulated by other courts, the <u>Harris</u> court explained

6   that it sought to avoid mini-trials on § 1446(b).  425 F.3d at 697.

7   In particular, the court noted that "a bright-line approach" served

8   the jurisdictional and procedural interests of bringing certainty

9   and predictability to the process, avoiding gamesmanship in

10   pleading, and "avoid[ing] the spectre of inevitable collateral

11   litigation over whether the pleadings contained a sufficient

12   'clue,' whether defendant had subjective knowledge, or whether

13   defendant conducted sufficient inquiry."  <u>Id.</u>

14       Plaintiff's Motion more directly raises the issue of

15   successive removal.  Successive removals, though not favored, are

16   available in some situations.  <u>Mattel</u>, 441 F. Supp. 2d at 1089

17   (citing 16 James Wm. Moore et al., Moore's Federal Practice

18   § 107.30[4] (3d ed. 2004)).  Defendants are precluded from seeking

19   a second removal on the same facts, but can do so when there is new

20   evidence.  For example, in <u>S.W.S. Erectors, Inc. v. Infax, Inc.</u>, 72

21   F.3d 489, 493-94 (5th Cir. 1996), the Fifth Circuit held that a

22   successive removal was available because a deposition taken after

23   the prior removal provided a new factual basis for the removal.

24   Additionally, the successive removal was not untimely because

25   notice of removability had not been triggered until the deposition.

26   <u>See also</u> <u>Mattel</u>, 441 F. Supp. 2d at 1090.

27   ///

28   ///

1        **B.    Successive Removals in This Case**

2        The Court finds that successive removal is appropriate here

3    because the statement about residency did not provide notice of

4    removability and because the successive removal was based on new

5    information obtained in this case.  Because the Court finds that

6    the procedural aspects of removal have been satisfied and because

7    the Court is otherwise satisfied that it has diversity

8    jurisdiction, the Court denies the Motion to Remand.[3]

9        In this case, Plaintiff's allegation regarding residency was

10   not sufficient to trigger the thirty-day time period under

11   § 1446(b) (though, in light of its first removal, the allegation

12   undoubtedly gave UPS a "clue" as to diversity jurisdiction).  An

13   individual's citizenship for the purposes of diversity jurisdiction

14   "is determined by her state of domicile, not her state of

15   residence."  Kanter, 265 F.3d at 857.  "A person's domicile is her

16   permanent home, where she resides with the intention to remain or

17   where she intends to return. . . .  A person residing in a given

18   state is not necessarily domiciled there, and thus is not

19   necessarily a citizen of the state."  Id. (citations omitted).

20   Because the Complaint only alleged residence, its "four corners"

21   did not disclose diversity of citizenship.  In moving to remand,

22   Plaintiff does not argue that the Complaint triggered the thirty-

23   day time period, but rather that Defendant had evidence "available"

24   to it sufficient to satisfy its burden regarding citizenship.

25   Under Harris, however, UPS was not required to investigate the

26

27        [3]Plaintiff's Motion raises only procedural issues, but the
     Court has an independent obligation to determine that it has
28   jurisdiction.

                                    9

1  basis for diversity jurisdiction. <u>Cf.</u> <u>Mattel</u>, 441 F. Supp. 2d at

2  1089-90. Because notice of removability was triggered only by the

3  Plaintiff's deposition, the second removal was timely filed.[4]

4      Additionally, successive removal is appropriate here because

5  Defendant's Second Notice of Removal was based on new information

6  not previously available through this litigation.  In particular,

7  the information regarding intent to remain – which is what was

8  deemed lacking in the Complaint by Judge Anderson – came directly

9  from Plaintiff's deposition, taken in March 2009, *after* the prior

10 remand.  <u>See</u> <u>S.W.S. Erectors, Inc. v. Infax, Inc.</u>, 72 F.3d 489,

11 493-94 (5th Cir. 1996) (finding that successive removals on the

12 same ground could be triggered by different factual support, such

13 as a deposition, not previously available).  Although Defendant

14 arguably could have made a case for citizenship had it investigated

15 its own files, holding that such information was available in a way

16 that precludes successive removal would appear to undermine the

17 "four corners" doctrine; rather, taking <u>Harris</u>'s "four corners"

18 rule and the principles of successive removal together suggests

19 that requiring it to do so would be inappropriate.  <u>Barahona v.

20 Orkin</u>, 2008 WL 4724054 (C.D. Cal. October 21, 2008), considered

21 evidence obtained from a particular case prior to the first

22 removal, and therefore does not suggest a different result here.

23 Additionally, documents received through the <u>Marlo</u> case, though

24 arguably part of the same litigation for many practical purposes,

25

26     [4]In the prior <u>Marlo</u>-related remand motions considered and
granted by the Court, the letter at issue provided notice of
27 removability with respect to the amount in controversy requirement
because it stated that the amount in controversy was over $75,000.
28 Here, on the other hand, although there was an allegation as to
"residency," there was no allegation as to *citizenship* or intent.

1    are not technically documents received in *this* case.  See <u>Morsani</u>

2    <u>v. Major League Baseball</u>, 79 F. Supp. 2d 1331, 1333-34 (M.D. Fla.

3    1999)(discussing the "paper-in-the-case" rule).  Finally, Plaintiff

4    has not pointed to information in Defendant's files or in the <u>Marlo</u>

5    case that would have established intent to remain: as Judge

6    Anderson's order made clear, residence and/or location is not

7    enough.

8         The Court recognizes that it granted Motions to Remand in

9    nearly forty other cases successively removed by UPS.  Those cases

10   were determinatively distinct, however, for a number of reasons.

11   First – and critically – the Court found that a document that fell

12   under the "four corners" rule had triggered the first removal.

13   Second, the Court noted that it could not review its prior remand

14   order, even though its *sua sponte* remand was not the best approach.

15   Third, the Court found that a later document in the case did not

16   trigger a second thirty-day removal window because the later

17   document merely provided more information on the original basis for

18   removal.  That is, the Court found that allowing a new removal

19   *period* each time a defendant receives more specific details about a

20   known basis for federal jurisdiction would be contrary to § 1446(b)

21   and undermine the policies on which <u>Harris</u> rests (avoiding a

22   "cottage industry of removal litigation").  The Court specifically

23   noted that it would be faced with a different case "if the only

24   question was whether the Case Management Statement provided the

25   grounds for a successive removal" because the first notice of

26   removal would not have been based on a "four corners" document.

27   <u>E.g.</u>, <u>Arpon</u> Order at 17.

28

1    In this case, on the other hand, there was no document that

2 satisfied the "four corners" rule as of the initial removal.

3 Although the Court agrees with Plaintiff that Judge Anderson's

4 December 29, 2008 order was issued on jurisdictional grounds, the

5 Court does not read UPS to suggest that the Court reconsider that

6 order in resolving this Motion, and the Court does not do so.

7 Rather, Plaintiff's deposition provided the first information in

8 this case as to plaintiff's intent to remain in California.  It

9 triggered the thirty-day time period for removal and, because it

10 was based on new evidence, provided a basis for successive removal.

11 **IV.   CONCLUSION**

12    For the foregoing reasons, the Court denies the Motion to

13 Remand.

14 IT IS SO ORDERED.

15

16

17 Dated: June 15, 2009

18                                DEAN D. PREGERSON
                                 United States District Judge

19

20

21

22

23

24

25

26

27

28